**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**TIMUR MOHAMED,**

        **Plaintiff,**

   v.                                                                                             **Case No. 10-C-0753**

**REINHART BOERNER VAN DEUREN S.C.,
and CHICAGO TITLE INSURANCE COMPANY,**

        **Defendants.**

---

## DECISION AND ORDER

---

On September 1, 2010, the Plaintiff, Timur Mohamed ("Mohamed"), filed an action against the Defendants, Reinhart Boerner Van Deuren ("Reinhart") and Chicago Title Insurance Company ("Chicago Title"), seeking over one million dollars in damages because of their alleged failure to record Mohamed's interest in the California residence owned by Carl Freer ("Freer"), a corporate officer of Blowfish Works, Inc. ("Blowfish") (Compl. ¶¶ 1-2.) Freer personally guaranteed a million dollar loan that Mohamed extended to Blowfish, providing his residence as a security interest for the loan. The Complaint alleges that Reinhart engaged in legal malpractice/professional negligence, and that Chicago Title was negligent. (*Id.* ¶¶ 1-2, 33, 38.)

Jurisdiction is afforded by 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Venue is proper in this District under 28 U.S.C. § 1361(a). This Decision and Order addresses

the Defendants' motions to dismiss and Mohamed's motions to deny the Defendants' motions for dismissal; convert them into summary judgment motions; or, in the alternative, defer ruling upon the Defendants' motions and allow Mohamed to conduct discovery, and to stay.

**MOTIONS**

By their motions to dismiss, Reinhart and Chicago Title assert that Mohamed's claims are time-barred. (Reinhart Mot. Dismiss 1, 3-4, 9; Chi. Title Mot. Dismiss 4-6.) Chicago Title also maintains that Mohamed's Complaint does not allege sufficient facts to state a claim for negligence and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Chi. Title Mot. Dismiss 7.) Each Defendant has proffered papers outside the pleadings in support of its motion to dismiss.

Mohamed filed a motion contending that the Defendants' motions should be denied because they rely on matters outside of the pleadings or, alternatively, converted to summary judgment motions and that additional discovery should be allowed before requiring him to respond. Furthermore, with respect to the timeliness of his claims, he maintains that the controlling statutes of limitations are those of Wisconsin; the claims are still timely under California law; and, the doctrine of equitable estoppel precludes the dismissal of his claim against Reinhart. He also maintains that his Complaint states a cause of action against Chicago Title. Attached to Mohamed's memorandum is the affidavit of his current counsel, Elliot R. Schiff ("Schiff"), which proffers an e-mail dated April 2, 2010, from Carolyn G. Azzaline ("Azzaline") and a letter dated May 2, 2008, from Allyn Emery ("Emery").

**Applicable Standards**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1953 (2009), require that a complaint be dismissed if the allegations do not state a plausible claim. "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. After *Twombly and Iqbal* a plaintiff to survive dismissal "must plead some facts that suggest a right to relief that is beyond the 'speculative level.' " *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (quoting *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009)). And (another rule that antedates *Twombly* and *Iqbal* ) he can plead himself out of court by pleading facts that show that he has no legal claim. *Atkins*, 631 F.3d at 832 (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007); *Orthmann v. Apple River Campground*, 757 F.2d 909, 915 (7th Cir. 1985); *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)). When analyzing the sufficiency of a complaint, the Court construes it in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011).

In addition to the Complaint, the parties to this action have presented papers outside the pleadings in support of, and in opposition to the motion to dismiss. Thus, the threshold question is how to treat those materials. *See* Fed. R. Civ. P. 12(d). The Court

3

begins by summarizing the salient facts as alleged in the Complaint and then the papers proffered outside the pleadings.

## Background Facts

On January 15, 2007, Mohamed, a citizen of Barbados, entered into a million dollar loan agreement with Blowfish. (Compl. ¶ 8.) Freer, a corporate officer of Blowfish, personally guaranteed the loan. (Compl. ¶ 12.) The loan agreement provided Mohamed a security interest, in the form of a short form deed of trust, on Freer's California home. (Compl. ¶¶ 14-15.)

Mohamed retained Reinhart, a Milwaukee law firm, to perform all the legal work for the transaction. (Compl. ¶ 17.) By the end of January 2007, Reinhart possessed all the necessary documents relating to the loan agreement and a request that Mohamed's interest in Freer's California home be recorded. (Compl. ¶ 19.) Reinhart then contacted Chicago Title, instructing it to record the short form deed of trust. (Compl. ¶ 20.)

Freer's residence was sold "on or about August 10, 2007." (Compl. ¶ 21.) The funds from the sale of the residence would have satisfied Mohamed's interest. The documents that would have established Mohamed's interest in the home were not recorded prior to August 10, 2007. (Compl. ¶ 22.)

On or about September 7, 2007, Mohamed provided written notice, through his attorneys, to Blowfish that it was in default of their loan agreement and demanded immediate payment of the unpaid principal and accrued unpaid interest. (Compl. ¶ 23.) Mohamed has

not been able to collect any amount due and owning from Blowfish or from Freer, who has apparently fled the country. (Compl. ¶¶ 24, 26.)

Mohamed alleges professional negligence by Reinhart, in its capacity as his counsel, for failing to record the deed and for failing to advise Mohamed of that failure prior to the sale of the subject property which foreclosed the opportunity for Mohamed to obtain other forms of security for the million dollar loan or otherwise collect the amount owed to him. (Compl. ¶¶ 29-30, 32-33.) Mohamed alleges negligence by Chicago Title for failing to record the deed as instructed by Reinhart, including the failure to timely inform the Reinhart firm of Chicago Title's failure or inability to record the short form deed to trust prior to the sale of the subject property foreclosed the opportunity for Mohamed to obtain other forms of security for the million dollar loan or otherwise collect the amount owed to him. (Compl. ¶¶ 35, 37-38.)

In support of its motion to dismiss, Reinhart has attached a September 7, 2007, letter ("September letter") from Reinhart to Freer stating:

> Mohamed further demands that, under the Deed of Trust made on January 12, 2007 between Carl Freer and Anneli Freer, First American Title Insurance Company, and Timur Mohamed, you hold in constructive trust for the benefit of . . . Mohamed $1,045,712.22 from the proceeds of the sale of the property described therein.

(Reinhart's Mot. Dismiss, Attach. 1.) The September letter was not attached to the Complaint. The September 2007 letter does not contain any indication that a copy of the letter was sent to Mohamed.

In support of its motion to dismiss, Chicago Title proffers the affidavit of counsel, David M. Potteiger ("Potteiger Aff."), with an attached letter dated August 29, 2007,

5

("August letter") from Reinhart to Chicago Title. (Potteiger Aff. ¶ 4, Ex. A.) Chicago Title asserts the letter establishes that Mohamad should have known of the failed recording as of August 29, 2007, and hence his claim against it is time-barred. (Chi. Title Mem. 6).

In opposition to the parties' motions to dismiss, Mohamed proffers the Schiff affidavit, wherein counsel avers that on or about May 18, 2010, he informed Reinhart that it was being discharged from further representation of Mohamed. The April 2010, Azzaline e-mail and the May 2008, letter from Emery, counsel for Chicago Title, relate to Chicago Title's actions with respect to a claim Reinhart filed on behalf of Mohamed, in connection with Freer.

**Matters Outside the Pleadings**

Reinhart and Chicago Title's contentions that Mohamed's claims are time-barred rely on letters that each has submitted with their respective motions to dismiss. Mohamed's opposition to the motions to dismiss also relies on matters outside the pleadings – an affidavit, an email and a letter. The Court begins with consideration of the letters attached to the motions to dismiss.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Washicheck v. The Ultimate Ltd.*, 231 F.R.D. 550, 553 (W.D. Wis. 2005). Courts have converted motions to dismiss to motions for summary judgment because attached affidavits further explained matters. *See Washicheck*, 231 F.R.D. at 552-53. "The consideration of outside matter without converting the motion

may result in reversible error." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

However, under certain circumstances, the submission of matters outside the pleadings upon a motion to dismiss does not require conversion of the motion to one for summary judgment. The Court has the option of excluding documents that are outside the pleadings. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 n.3 (7th Cir. 1996) (citing *R.J.R. Servs., Inc. v. Aetna Cas. & Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989)) (suggesting that courts need not always consider certain extrinsic materials that are attached because "a dismissal that follows from the consideration of extrinsic materials may be affirmed if [a] Rule 12(b)(6) dismissal would have been appropriate without reference to those materials"); *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). In *Levenstein*, 164 F.3d at 347, the defendants attached numerous documents to their motion to dismiss that were not part of the complaint. The court excluded the documents, treated the motion to dismiss as such, and denied the plaintiff's request for further discovery. *Id.* at 348, 353 (denying the motion to dismiss on other grounds). Reinhart and Chicago Title's contentions that Mohamed's claims are time-barred may not be resolved, without consideration of the letters attached to the motions to dismiss. Therefore, excluding the letters is not a viable option.

"A court may [also] consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment." *Thompson*, 161 F.3d at 456 (holding that it is proper to consider matters not in the plaintiff's complaint but that are

subject to judicial notice; that is, historical documents, documents contained in the public record, and reports of administrative bodies). However, neither letter may be judicially noticed. Therefore, they may not be considered under *Thompson.*

In some circumstances, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Levenstein*, 164 F.3d at 347 (citation omitted); *Wright v. Assoc. Ins. Co.*, 29 F.3d 1244, 1248 (7th Cir. 1994). *Wright* determined that an agreement providing part of the basis for the plaintiff's § 1983 due process claim and repeatedly referred to in the complaint was central to the plaintiff's claim and could be considered on a motion to dismiss without conversion to a summary judgment motion. *Id.* at 1248.[1]

Seventh Circuit case law suggests that the above exception is "a narrow exception aimed at cases interpreting, for example, a contract," and not meant to blur "the distinction between motions to dismiss and motions for summary judgment." *Levenstein*, 164 F.3d at 347; *see also Truhlar v. John Grace Branch No. 825 of the National Association of Letter Carriers*, No. 06 C 2232, 2007 WL 1030237, at *6 (N.D. Ill. Mar. 30, 2007); *but see Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002) ("Although this is not a contract case,

---

[1]The court of appeals has cited agreement by parties regarding the authenticity of proffered documents in upholding the consideration of documents attached to a motion to dismiss, without conversion to a summary judgment motion. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th. Cir.) *reh'g and reh'g denied en banc,* 569 F.3d 708 (7th Cir. 2009), *cert. denied*, __ U.S. __, 130 S.Ct. 1141 (2010). The court of appeals has also upheld the consideration of documents outside the pleadings without converting the motion to dismiss to a summary judgment motion when, upon conversion, the plaintiff would be unable to establish a factual basis to preclude summary judgment. *See Alioto*, 77 F.3d at 936-38 (affirming dismissal on statute of limitations grounds based on consideration of material outside the pleadings without providing notice of conversion and stating that "a litigant . . . who seeks to upset a judgment because it resulted in the improper conversion of a 12(b)(6) motion into one for summary judgment must show that notice and an opportunity to respond would have mattered").

8

the letter . . . attached to the complaint is potentially . . . dispositive of the claim . . . and so [the defendant] could have submitted it for the court's consideration, even if the plaintiffs had not attached it to their complaint, without the court being obliged to convert his motion to dismiss to a motion for summary judgment.").

Reinhart relies on *Voigt v. County of Victoria*, No. V-07-101, 2008 WL 2474575 (S.D. Tex. June 13, 2008), where the defendants attached a letter to their motion to dismiss the complaint alleging that the plaintiff, a law enforcement officer, experienced sex discrimination and other civil rights violations. *Id.* at *2. The plaintiff did not file any response to the motion to dismiss.

The *Voight* letter was not attached to the complaint, but the complaint alleged that the plaintiff was forced to resign effective November 12, 2005, which the court determined was a reference to the letter. *Id.* The court considered the letter and granted the motion to dismiss the claims under 42 U.S.C. § 1983 as untimely, determining that "[the plaintiff's] letter is clearly central to [the plaintiff's] claim because it documents her resignation and is relevant to the statute of limitations." *Id.* *Voigt* relies on Seventh Circuit case law, as cited by the Fifth Circuit, to highlight the exception to a required 12(d) conversion. *Id.* at *1 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)(quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.3d 429, 431 (7th Cir. 1993) ("A court may consider documents attached to a motion to dismiss provided that the documents 'are referred to in the plaintiff's complaint and are central to the [plaintiff's] claims.'"))

In *Truhlar*, a decision disclosed by the Court's research, a Northern District of Illinois district court declined to consider a letter attached to the defendants' motions to dismiss. Id. at *12. The court acknowledged that "there is no precise test for what makes a document 'central to' a claim." *Id.* at *8. Most important to the *Truhlar* court's decision to exclude the letter, was the failure of the complaint to reference the letter; rather, the letter was merely referred to in another letter that was quoted in, and attached to the complaint. *Id.* at *3, *8. The court also noted that the *Truhlar* letter, presented as evidence that the plaintiff's claim was time-barred, was more central to the defendants' defense than to the plaintiff's claim. *Id.* at *9.

The present case is somewhat different because, although not expressly referring to the September 2007 letter, paragraph 23 of the Complaint states written notice of the default was given to Blowfish on September 7, 2007. Thus, although it is not entirely clear, the Complaint may refer to the September letter proffered by Reinhart. The Complaint does not mention that the "notice" acknowledges that the California home was sold and that Mohamed retained no interest in the home. (Reinhart's Mot. Dismiss, Ex. 1) (demanding that a constructive trust be held for Mohamed for "$1,045,712.22 from the proceeds of the sale of the property"). Although Mohamed comments that the September letter is unverified, he does not clearly dispute the authenticity of the letter.

Thus, the key question is whether the September 2007 letter is central to Mohamed's claim. Neither party cites any controlling Seventh Circuit precedent on the issue

of whether a document that is relevant to a statute of limitations defense is central to the claim. *Voigt*, the sole case cited by the parties regarding the question is not binding on this Court. Moreover, the plaintiff in that action who proceeded pro se, did not respond to the motion to dismiss, despite having been afforded an additional opportunity to do so.

It is not entirely clear from the Complaint that paragraph 23 is referring to the September 7, letter when it states that "written notice" was given. Moreover, the Court finds that "notice" is not central to Mohamed's legal malpractice claim, and that, as in *Truhlar*, the letter is more a basis for the Reinhart's affirmative defense, than it is central to Mohamed's claim. Therefore, Mohamed's request that Reinhart's motion to dismiss be converted to a motion for summary judgment is granted. Furthermore, the materials presented in opposition to the motions to dismiss raise issues relevant to the statute of limitations, therefore, Mohamed's request that he be allowed to conduct discovery relative to the statute of limitations defense will also be granted. The Defendants will also be allowed to conduct relevant discovery on that issue.

The letter attached to Chicago Title's motion to dismiss is not referenced in the Complaint. *Wright* requires that a letter be referenced in the Complaint. No other exceptions apply. Therefore, because the Court cannot determine, based on the pleadings, whether Mohamed's claim against Chicago Title is time-barred, the Court will also grant Mohamed's request that Chicago Title's motion to be converted to a motion for summary judgment.

While Chicago Title also seeks dismissal of the claim for failure to state a cause of action, in the interest of judicial economy that too will be considered as a part of the Court's

subsequent decision on the summary judgment motion. The Court will also set a supplemental schedule to govern the filing of additional submissions with regard to the summary judgment motions. Civil Local Rules 7 and 56 will apply to those filings.

To set the dates for discovery regarding the statute of limitations issue and for the filing of supplemental submissions, the Court will require the parties to participate in a telephone scheduling conference.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Mohamed's motions (Docket No. 24) are **GRANTED** to the extent that the Defendants' motions for dismissal are denied and are converted into summary judgment motions; and the parties will be allowed to conduct discovery on the statute of limitations issue before supplementing their filings;

Reinhart's motion to dismiss (Docket No. 21) is **DENIED** and it is converted to a motion for summary judgment;

Chicago Title's motion to dismiss (Docket No. 18) is **DENIED** and it is converted to a motion for summary judgment; and

The parties **MUST** participate in a telephone scheduling conference on May 26, 2011, at 2:00 p.m. The Court will initiate the call.

Dated at Milwaukee, Wisconsin this 9th day of May, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa
U.S. District Judge**