UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TIMUR MOHAMED,**

    **Plaintiff,**

v.                      Case No. 10-C-0753

**REINHART BOERNER
VAN DEUREN S.C.,
and CHICAGO TITLE
INSURANCE COMPANY,**

    **Defendants.**

# DECISION AND ORDER

    This diversity action,[1] arising from the alleged failure of the Defendants, Reinhart Boerner Van Deuren ("Reinhart") and Chicago Title Insurance Company ("Chicago Title") (collectively, the "Defendants") to record a million dollar security interest that the Plaintiff Timur Mohamed ("Mohamed") had in a California residence owned by Carl Freer ("Freer"). The Complaint alleges that Reinhart engaged in legal malpractice/professional negligence, and that Chicago Title was negligent.

    This matter is before the Court on Mohamad's motion to file an amended complaint to add breach of fiduciary duty, equitable estoppel, intentional misrepresentation,

---

[1] Jurisdiction is afforded by 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Venue is proper in this District under 28 U.S.C. § 1361(a).

and principal-agent liability claims against Reinhart. Additionally, Mohamed would like to add a breach of contract claim against Chicago Title, and to expand his negligence claim against Chicago Title.

Mohamed states that he first learned the information upon which his proposed amendments are based during the December 1, 2011, deposition of Anthony Handzlik ("Handzlik"), the Reinhart attorney with primary responsibility for the legal services that Reinhart provided for Mohamed. Specifically, Mohamed states that, until the Handzlik deposition, he was not aware that Chicago Title was a long-time client of Reinhart. He indicates that Reinhart's representation of him and its attorney-client relationship with Chicago Title created a conflict of interest that Reinhart should have addressed by either formally withdrawing as counsel for Mohamed, or by requesting that both Mohamed and Chicago Title waive the conflict.

Reinhart opposes the proposed amendment contending that, contrary to Mohamed's assertion, he was aware of the information for years; Reinhart will be unduly prejudiced by the undue delay; and, the proposed amendments are futile. Chicago Title also opposes the motion, contending that Mohamed unduly delayed in requesting leave to amend his complaint and that the delay will unduly prejudice it.

Courts must freely give leave to amend under Rule 15(a) where interests of justice so require. *McCauley v. City of Chicago*, 671 F.3d 611, 627 (7th Cir. 2011) (citing Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)). The liberal policy

toward amending pleadings, especially in a first effort to amend, should remain in effect even if a district court elects to enter judgment upon granting a motion to dismiss. *See, e.g., Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (holding that the district court erred by entering judgment after a Rule 12(b)(6) dismissal where the plaintiff sought to amend complaint to address perceived mistakes and the proposed amendment to complaint was not futile).

"District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (internal citation omitted). And, as stated in *Johnson v. Cypress Hill,* 641 F.3d 867, 872 (7th Cir. 2011), "while delay on its own is usually not reason enough for a court to deny a motion to amend, *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir.2004), the 'longer the delay, the greater the presumption against granting leave to amend.' *King v. Cooke*, 26 F.3d 720, 723 (7th Cir.1994)." A district court should deny a motion for leave to amend if the proposed amendment is futile, as when, for example, the amended pleading would not survive a motion to dismiss. *See, e.g., Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 n.5 (7th Cir. 2010). However, the bottom line is that, while a court may deny a motion for leave to file an amended complaint, such denials are disfavored. *Bausch*, 630 F.3d at 563.

3

The Defendants contend that Mohamed unduly delayed in amending his complaint. At first blush, if one focuses on the roughly 15-month interval between the September 1, 2010, filing of this action and the December 12, 2011, filing of the motion to amend, the assertion of undue delay seems merited. However, when the chronology of the events in this action is more closely considered, the contention dissolves.

After being served with the Complaint, Chicago Title and Reinhart responded in November 2010, by filing motions to dismiss for failure to state a claim. Those motions were fully briefed by December 17, 2010.

In a May 9, 2011, Decision and Order, the Court denied the motions to dismiss, converted the motions to motions for summary judgment. The Court also indicated that the parties should engage in some discovery on the statute of limitations issue before briefing the motions.

Later in May 2011, the Court set a schedule for limited discovery relevant to the statute of limitations issue, to be followed by briefing and other submissions on the statute of limitations issue presented by the Defendants' converted summary judgment motions. No deadline for amendment of the pleadings was included.

Reinhart filed its answer on May 23, 2011. Chicago Title filed its answer on June 2, 2011.

In July 2011, the Court granted Mohamed and Reinhart's joint motion for amendment of the scheduling order to allow additional time to conduct the limited discovery.

4

Again, in October 2011, Mohamed with the agreement of Reinhart and Chicago Title, with the latter having recently retained new counsel, requested an extension of the deadlines for limited discovery and briefing of the summary judgment motions. The Court granted the request, extending the discovery deadline until December 5, 2011. On December 12, 2011, Mohamed filed his motion to amend the complaint relying on the information that he states was disclosed for the first time at Handzlik's deposition. Based on the foregoing chronology, the Court concludes that Mohamed did not "unduly delay" in requesting permission to amend his complaint. *Compare, Cypress Hill*, 641 F.3d at 872 (collecting cases) (upholding the denial of motion to amend because of undue delay, and relying on a four-year wait, the close of discovery, the filing of a motion for summary judgment by the defendant, and failure to file the motion until seven months after the plaintiff learned the information upon which amendment was based).

Here, discovery was delayed by the pending motions to dismiss and other actions of the parties. Although Reinhart suggests that Mohamed knew much earlier of its attorney-relationship with Chicago Title, it has not conclusively refuted Mohamed's showing that he first learned of it in the December 5, 2011, deposition. Mohamed filed his motion to amend and proposed amended complaint within a week of Handzlik's deposition.

Furthermore, the Court is not persuaded that either Reinhart or Chicago Title will be unduly prejudiced by amendment of the complaint. Although both parties maintain that they will have to re-depose certain witnesses, the prior discovery permitted under the

5

scheduling order was extremely limited – there is little discovery to redo. Moreover, the proposed amended complaint was available to Chicago Title for several days before the December 19, 2011, deposition of its Rule 30(b)(6) witness, and the January 2012, deposition of Mohamed's representative, Michael Fleming. Therefore, the Defendants have not established that they will be unduly prejudiced.

Reinhart also contends that the proposed new claims against it are futile because they are redundant; and because Count III, the equitable estoppel claim, and Count IV, the intentional misrepresentation claim, do not state a claim for relief. In addition, Reinhart asserts that Mohamed may not base his claims on purported violations of the Wisconsin Rules of Professional Conduct.

Reinhart does not expand on its contention that the claims are redundant. The Court relies on the principle that a party may plead alternative theories of recovery, and that Reinhart has not developed its redundancy argument. Therefore, the redundancy contention is not persuasive.

Both Reinhart and Mohamed apply the substantive law of Wisconsin in addressing whether Counts III and IV state a cause of action. The Court will also apply Wisconsin law.

Reinhart states that equitable estoppel is an affirmative defense, not a claim. Equitable estoppel requires proof of: (1) an action or inaction (2) on the part of one against whom estoppel is asserted (3) that induces reasonable reliance by another (4) which is to his

or her detriment. *Milas v. Labor Ass'n of Wis., Inc.*, 214 Wis. 2d 1, 11-12, 571 N.W. 2d 656 (Wis. 1997). Although the equitable estoppel doctrine may be used as affirmative defense, its elements are broadly worded. Moreover, *Hocking v. City of Dodgeville*, 326 Wis.2d 155, 785 N.W.2d 398, 174 n.10 (Wis. 2010), contains the following language noting that the plaintiffs, argued that "they satisfy the requirements of an equitable estoppel claim." *See generally also, Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 456, 463 (7th Cir. 2010) (applying federal common law). Consequently, at this juncture of the proceedings, Reinhart has not established that equitable estoppel is only an affirmative defense.

Reinhart also states that the proposed amended complaint fails to state a cause of action for intentional misrepresentation. With respect to a claim of intentional misrepresentation, the elements under Wisconsin law are: (1) the defendant made a representation of fact; (2) the representation of fact was untrue; (3) the defendant made the representation either knowing that it was untrue, or recklessly not caring whether it was true or false; (4) the defendant made the representation with the intent to deceive the plaintiff in order to induce the plaintiff to act on it to plaintiff's pecuniary damage; and (5) the plaintiff believed that the representation was true and relied on it. *Ramsden v. Farm Credit Servs. of N. Cent. Wis. ACA*, 223 Wis.2d 704, 718-719, 590 N.W.2d 1, 7 (Wis. Ct. App. 1998). An intentional misrepresentation claim may arise either from a "failure to disclose a material fact" or from a "statement of a material fact which is untrue." *Id.* at 5.

Count IV of the proposed amended complaint alleges that Reinhart intentionally elected not to disclose the date by which the statute of limitations would expire on Mohamed's action, that because of the attorney-client relationship it had a duty to disclose the statute of limitations on such action, that by failing to do so it placed its interests ahead of those of Mohamed, and that Reinhart's failure to disclose the statute of limitations was to induce Mohamed to refrain from filing a lawsuit against Reinhart. Further, Mohamed alleges that he justifiably did not file a lawsuit against Reinhart within the time that Reinhart now claims the statute of limitation expired. The foregoing sufficiently alleges the elements of intentional misrepresentation, including the existence of Reinhart's duty to disclose the statute of limitations to Mohamed.

Reinhart maintains that it had a duty not to disclose such information because of the conflict of interest between its own interests and those of Mohamed. However, at this stage of the proceedings, such contention does not establish that Mohamed's intentional misrepresentation claim fails to state a cause of action. Furthermore, Mohamed's citations to the Wisconsin Rules of Professional Conduct, suggest that he is using them to posit Reinhart's duty to him, *see Tensfeldt v. Haberman*, 319 Wis.2d 329, 768 N.W.2d 641, 656 n.25 (Wis. 2009), rather than to establish a cause of action or serve as a basis for civil liability. Based on the foregoing, Mohamed's motion to amend his complaint is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Mohamed's motion to amend his complaint (ECF No. 46) is **GRANTED**.

The Clerk of Court is **DIRECTED TO FILE** the proposed amended complaint (ECF No. 47) as the Amended Complaint in this action.

Dated at Milwaukee, Wisconsin this 26th day of April, 2012.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**