# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMUR MOHAMED,

        Plaintiff,

   v.

CHICAGO TITLE INSURANCE COMPANY,

        Defendant,

and                                               **Case No. 10-C-753**

REINHART BOERNER VAN DEUREN S.C.,

        Defendant and Third-Party Plaintiff,

   v.

CARL JOHAN FREER,

        Third-Party Defendant.

## DECISION AND ORDER

This Decision and Order addresses three issues relative to the Third-Party Complaint ("Complaint") for indemnification and subrogation filed by the Defendant and Third-Party Plaintiff, Reinhart Boerner Van Deuren S.C. ("Reinhart"), against the Third-Party Defendant, Carl Johan Freer ("Freer"). Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Freer asserts that the third-party action should be dismissed for lack of

personal jurisdiction.  Freer also seeks a protective order staying all future and pending discovery until 30 days following the resolution of his motion to dismiss.

## SUBJECT MATTER JURISDICTION

Before addressing the pending motions, the Court is obligated to raise a concern regarding the adequacy of the jurisdictional allegations of the Complaint.  *See Winforge, Inc. v. Coachmen Indus., Inc.,* 691 F.3d 856, 867 (7th Cir. 2012).  Reinhart invokes the Court's diversity jurisdiction under 28 U.S.C. §1332.[1]

Under § 1332(a)(1) and (2), federal district courts have original jurisdiction to hear all civil actions between citizens of different States or citizens of a State and citizens or subjects of a foreign state when the amount in controversy exceeds $75,000, exclusive of interest or costs.  "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 377 (1978). The burden of persuasion for establishing diversity jurisdiction is on the party asserting it.  *Hertz Corp. v. Friend*, ____ U.S. ____, 130 S.Ct. 1181, 1194 (2010).

As the party invoking federal jurisdiction, Reinhart bears the burden of demonstrating that the jurisdictional requirements have been met.  *See Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).  Reinhart's Complaint does not satisfy that burden.

---

[1] All further citations to provisions of Title 28 will simply take the form "§ _____."

The Complaint alleges that Freer is a *resident* of California based on Reinhart's *information and belief.* (Compl. ¶ 2.) (Emphasis added). However, it is well-settled that a plaintiff claiming diversity jurisdiction may not do so on the basis of information and belief, only personal knowledge is sufficient. *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992). Alleged jurisdictional facts must be supported by competent proof. *Hertz*, 130 S.Ct. at 1194-95.

Moreover, for the purpose of diversity jurisdiction under § 1332, allegations regarding *residence* of an adverse party are irrelevant; it is the *citizenship* of the party that is relevant for diversity jurisdiction. *Hunter v. Amin,* 583 F.3d 486, 491 (7th Cir. 2009). Failure to allege a party's citizenship; that is, the party's domicile, raises a genuine jurisdictional issue. *See The N. League, Inc. v. Gidney,* 558 F.3d 614 (7th Cir. 2009) (regarding notice of removal). Domicile is "the place that a person considers to be his permanent home." *Kijowska v. Haines,* 463 F.3d 583, 586-87 (7th Cir. 2006). To determine domicile, courts look both to a party's physical presence in a state and the party's intent to remain there. *Gilbert v. David,* 235 U.S. 561, 570 (1915); *Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996).

The Court's discretion to dismiss for lack of subject matter jurisdiction should be used sparingly when the plaintiff could have pleaded the existence of jurisdiction and when such jurisdiction, in fact, exists. *See Muscarello,* 610 F.3d at 425. Consequently, Reinhart will be afforded the opportunity to amend its Complaint to cure the defects in its

-3-

jurisdictional allegations.[2] Failure to file an amended Complaint consistent with this Order by the stated deadline, will result in the dismissal of this third-party action against Freer.

The personal jurisdiction issue is subordinate to that of subject matter jurisdiction. However, the Court addresses Freer's motions.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Freer seeks dismissal of Reinhart's Complaint arguing that personal jurisdiction is not proper because Reinhart has failed to allege sufficient facts to make a *prima facie* showing of personal jurisdiction over Freer in Wisconsin. Freer contends that although he consented to personal jurisdiction via forum selection clauses, Reinhart cannot invoke those clauses because it was not a party to, or third-party beneficiary of, the contracts that contained those clauses. Additionally, Freer argues that the forum selection clauses are limited to actions relating to or arising out of the Promissory Note ("Note") or documents related to the Note and that Reinhart's claims for indemnification and subrogation do not fall under the scope of the forum selection clauses contained in the Short Term Loan Agreement ("Agreement") and Note.

As the Third-Party Plaintiff, Reinhart has the burden of establishing personal jurisdiction. *See Purdue Res. Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). However, when the issue is raised on a motion to dismiss based solely on the

---

[2] While not implying any position on the availability of supplemental jurisdiction under § 1367, the Court notes that Reinhart relies solely on § 1332 as the jurisdictional basis for its third-party action against Freer.

-4-

submission of written materials, the plaintiff need only to make a *prima facie* showing of jurisdictional facts. *Id.*

**Background**[3]

In order to determine whether personal jurisdiction exists over Freer with respect to Reinhart's third-party Complaint against him, the Court considers the history of the underlying action filed by Plaintiff Timur Mohamed ("Mohamed") against the Defendants, Reinhart and Chicago Title Insurance Company ("Chicago Title"), as well as Freer's alleged role in this matter. In January 2007, Freer and Mohamed entered into the Agreement pursuant to which Mohamed loaned a million dollars to Blowfish Works, Inc. ("Blowfish"), a corporation of which Freer was a corporate officer. (Am. Compl. ¶¶ 8-9.) (ECF No. 66.) Freer executed the Agreement on behalf of Blowfish and agreed to personally guarantee the repayment of the loan. (*Id.* at ¶¶ 10, 12.) Pursuant to the Agreement, Reinhart prepared the Note for the principal amount for Freer's execution. (*Id.* at ¶ 13.) Freer's guarantee to personally repay the loan was collateralized using his personal residence, and this interest was transferred to Mohamed in the form of a Short Form Deed of Trust ("Deed"). (*Id.* at ¶¶ 18-19.)

Freer agreed to identical forum selection clauses in paragraph 7.1 of the Agreement and paragraph 9(a) of the Note, as follows:

---

[3] The background factual allegations of the Amended Complaint and the Third-Party Complaint are taken as true for purposes of this Decision and Order.

-5-

> BORROWER AND GUARANTOR AGREE THAT ALL ACTIONS OR PROCEEDINGS IN ANY MANNER RELATING TO OR ARISING OUT OF THIS NOTE OR OTHER LOAN DOCUMENTS ASSOCIATED WITH THIS NOTE MAY BE BROUGHT ONLY IN COURTS OF THE STATE OF WISCONSIN LOCATED IN DOOR COUNTY OR THE FEDERAL COURT FOR THE EASTERN DISTRICT OF WISCONSIN AND THE BORROWER AND GUARANTOR CONSENTS TO THE JURISDICTION OF SUCH COURTS.

(*Id*. at ¶¶ 11, 15, Ex. A ¶ 7.1 & Ex. B ¶ 9(a).) (ECF Nos. 66, 66-1, 66-2.)

In January of 2007, Reinhart forwarded the Deed to Chicago Title which was to record the Deed with the proper authorities. (*Id*. at ¶ 24.) Subsequently, in August 2007, Freer's personal residence was sold for an amount sufficient to have satisfied the loan made by Mohamed. (*Id*. at ¶ 25.) At the time of the sale, the Deed had not been recorded. (*Id*. at ¶ 26.)

Neither Blowfish nor Freer made payments to Mohamed for any portion of the loan made under the Agreement, Note, or Personal Guarantee nor has Mohamed been able to collect the debt owed to him from Blowfish or Freer. (*Id*. at ¶¶ 29, 31.) Upon failing to recover against Blowfish or Freer for the outstanding loan amount, Mohamed brought suit against Reinhart and Chicago Title. Mohamad's Amended Complaint makes claims against Reinhart for malpractice, breach of fiduciary duty, equitable estoppel, intentional misrepresentation and principal - agent liability to recover the amount owed to him under the Agreement and Note. By Reinhart's Third-Party Complaint against Freer for indemnification

and subrogation, Reinhart seeks to recoup any damages that it may sustain due to Freer's failure to pay the loan under the Agreement and Note.

## Analysis

In its Third-Party Complaint, Reinhart alleges that personal jurisdiction is proper in this case because Freer consented to personal jurisdiction in Wisconsin by agreeing to the forum selection clauses contained in the Agreement and the Note. In seeking dismissal for lack of personal jurisdiction, Freer asserts that Reinhart does not have the standing to invoke the forum selection clause, and Reinhart's claims do not relate to or arise out of the Note or other documents associated with the Note. (Br. Freer's Mot. Dismiss, 4-5.) (ECF No. 94.)

*Third-Party's Enforcement of the Forum Selection Clauses*
*Against a Party to the Contract*

Freer relies upon *Leslie v. Sullivan*, No. 00-C-519-C, 2000 WL 34227530 (W.D. Wis. Nov. 13, 2000), in asserting Reinhart's lack of standing to invoke the forum selection clauses of the Agreement and Note. *Leslie* applied Wisconsin law in considering the applicability of a forum selection clause to the claims in that action.[4]

The facts of *Leslie* are distinguishable from those in this action. In *Leslie*, the plaintiff inmates sought to enforce a forum selection clause in a contract between the

---

[4] The Court of Appeals for the Seventh Circuit has suggested that in a diversity case the interpretation and validity of a forum selection clause should be determined by reference to the law of the jurisdiction whose law governs the rest of the contract. *See Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421 423 (7th Cir. 2007). However, the parties do not address the choice of law question. They cite cases applying Wisconsin substantive law and federal cases applying federal law. The Court will do the same. In the underlying action, the parties have applied substantive Wisconsin law. *See Mohamed v. Reinhart Boerner Van Deuren S.C.*, No. 10-C-0753, 2012 WL 1491860, at * 3 (Apr. 26, 2012).

Wisconsin Department of Corrections and the Corrections Corporation of America. *Id.* at *3. The inmates were neither parties to, nor intended beneficiaries of, the contract. The contract language also expressly limited the beneficiaries of any portion of the contract to the parties named in the contract. *Id.* at *4. Here, there is no analogous provision in the Note or Agreement. Therefore, the Court finds *Leslie* to be of no use in its analysis.

    The court of appeals for this circuit, as well as others, has held that in order to bind a non-party to a forum selection clause, the non-party must be closely related to the dispute so that it would be foreseeable that the party would be bound. *See Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993); *see also Am. Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt. Ltd.*, 364 F.3d 884, 889 (7th Cir. 2004) (holding that non-parties to the contract could nevertheless invoke the forum selection clause as they were closely related to the agreement containing the forum selection clause). In determining whether the non-party is closely related to the dispute, courts have held that employees or agents of a party to the dispute can enforce forum selection clauses. *Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1360 (2d Cir. 1993); *see also D'Elia v. Grand Caribbean Co., Ltd.,* No. 09-CV-1707, 2010 WL 1372027, at *5 (D.N.J. Mar. 30, 2010) ("[T]hose circumstances in which a non-signatory party may enforce the forum selection clause are limited, often reserved to matters of agency or employment. . ."); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 7 F.3d 1110, 1121 (3d Cir. 1993) ("Because a principal is bound under the terms of a valid arbitration

-8-

clause, its agents, employees, and representatives are also covered under the terms of such an agreement.")[5]

At the direction of Mohamed, a signatory to the contracts containing the forum selection clauses, Reinhart participated in the drafting of the Agreement and the Note. Furthermore, Mohamed's underlying action against Reinhart includes claims based on Reinhart's alleged breaches of its fiduciary duty, as well as principal-agent liability. Wisconsin courts have held that while the relationship of an attorney and client is fiduciary in nature, it is also one of agent to principal and as such an attorney is responsible to the principal if he or she violates that duty. *Thiery v. Bye,* 228 Wis. 2d 231, 241, 597 N.W. 2d 449, 454 (Wis. Ct. App. 1999). Consequently, this Court finds that Reinhart was acting as the agent of Mohamed during the formation of the Agreement and Note containing the forum selection clause and, accordingly, has standing to enforce the forum selection clause against Freer.

*Scope of the Forum Selection Clauses Contained in the Note and Agreement*

Freer argues that the express language contained in the forum selection clauses limits the types of claims that can be brought to harms relating to or arising out of the Agreement and Note, and that Reinhart's claims for indemnification and subrogation are independent claims that are unrelated to the Note and Agreement documents.

---

[5] Although *Roby* and *Pritzker* interpreted arbitration clauses, the Court of Appeals for this Circuit has held that the conventions of interpretation for the phrase "arise out of" would also apply to forum selection clauses. *See Omron Healthcare, Inc., v. Maclaren Exports Ltd.,* 28 F.3d 600, 603 (7th Cir. 1994). *See also Roby,* 996 F.2d at 1362 n.2 ("[A]n arbitration clause is merely a specialized type of forum selection clause").

The Court of Appeals for the Seventh Circuit has held that the term "arising out of" reaches all disputes having their "origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l., Ltd.,* 1 F.3d 639, 642 (7th Cir. 1993).[6] Furthermore, in *American Patriot,* the Court of Appeals for the Seventh Circuit held that a dispute over a contract does not cease to be so when an action other than breach of contract is claimed as the "existence of multiple remedies for wrongs *arising out of* a contractual relationship does not obliterate the contractual setting, does not make the dispute any less one arising under or out of or concerning the contract, and does not point to a better forum for adjudicating the parties' dispute than the one they had selected to resolve their contractual disputes." *Am. Patriot,* 364 F.3d at 889. (Emphasis added).

Reinhart's claims against Freer cannot be said to be wholly independent from the Note and Agreement. Freer's failure to repay the loan ultimately is the genesis of this action. The damages sought by Mohamed against Reinhart are to recover his losses due to Freer's failure to repay the loan under the terms of the Agreement and Note. Reinhart, through its claims against Freer for indemnification and subrogation, is seeking to recover any damages that it may sustain due to Freer's failure to repay the loan. This action finds its origin in the contractual agreements between Mohamed and Freer. Thus, the Court

---

[6]*Sweet Dreams* construed an arbitration selection clause. However, its interpretation of the phrase "arising out of" would equally apply to a forum selection clause. *See Omron*, 28 F.3d at 603.

concludes that Reinhart's Third-Party claims against Freer are within the scope of the forum selection clauses contained in the Agreement and Note.

## PROTECTIVE ORDER

Freer also filed an expedited non-dispositive motion for a protective order requesting a stay on all pending and subsequent discovery until 30 days after the resolution of his motion to dismiss. The motion to dismiss has been resolved. Moreover, Freer has not posited a basis for staying discovery for an additional 30 days following the resolution of his challenge to personal jurisdiction. Freer's motion for a protective order is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**No later than November 5, 2012,** Reinhart must file an Amended Third-Party Complaint against Freer consistent with this Decision and Order**;**

Freer's motion to dismiss for lack of personal jurisdiction (ECF No. 95) is **DENIED**; and

Freer's expedited non-dispositive motion for a protective order (ECF No. 97) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 17th day of October, 2012.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**