**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

TIMUR MOHAMED,

        **Plaintiff,**

v.

CHICAGO TITLE
INSURANCE COMPANY,

        **Defendant,**

and                                                                                    **Case No. 10-C-0753**

**REINHART BOERNER VAN DEUREN S.C.,
Defendant and Third-Party Plaintiff,**

v.

**CARL JOHAN FREER,
Third-Party Defendant**

        **Defendants.**

## DECISION AND ORDER

        Defendant Chicago Title Insurance Company ("Chicago Title") filed a Civil Local Rule 7(h) (E.D. Wis.) expedited non-dispositive motion to allow the deposition of third-party Defendant Carl Johan Freer ("Freer"). Chicago Title further requests permission to file

its summary judgment motion and supporting documents within ten days from the date of Freer's deposition. Freer opposes the motion stating that the September 1, 2012, deadline for all discovery has passed in this action.

Accepting Freer's contention that the deadline for discovery has passed, the Court applies Fed. R. Civ. P. 6(b)(1)(B), which states that the court may retroactively grant a motion to extend the time for when an act may or must be done by "if the party failed to act because of excusable neglect." *See also Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005) (holding that a party requesting an extension of time to complete discovery after the deadline is required to show excusable neglect). A court determines whether a party has failed to act because of "excusable neglect" by considering the relevant circumstances surrounding the party's omission. *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 362 (7th Cir. 1997). In determining whether "excusable neglect" exists, the Court is to consider a number of facts, including "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Although Freer opposes being deposed, he has not articulated any prejudice to him. While Freer has been a relevant witness in this action since its inception, he did not become a party until July 20, 2012, when he was served with the Third-Party Complaint. (ECF

2

No. 89.) On August 10, 2012, Freer filed a motion to dismiss for lack of personal jurisdiction. (ECF No. 95.)

On August 17, 2012, a notice for Freer's August 27, 2012, deposition was served by Plaintiff Timur Mohamed ("Mohamed"). Freer filed an expedited non-dispositive motion for a protective order on August 17, 2012, requesting a stay of discovery for an additional 30 days following the resolution of his motion to dismiss. Freer's deposition was not taken.

The time while Freer's motion to dismiss for lack of jurisdiction and for a protective order were pending caused delay in discovery. That delay was not due to any action by Chicago Title. On October 17, 2012, the Court issued its Decision and Order denying both of Freer's motions. (ECF No. 103.)

Thereafter, the parties were jointly scheduling Freer's deposition, with his deposition being tentatively scheduled for December 18, 2012. On December 7, 2012, Chicago Title was advised that the deposition was not going to take place as scheduled and no alternative date was proposed. That caused further delay until January 15, 2013, when Chicago Title emailed the parties proposing four dates in February 2013 for Freer's deposition. On January 15, 2013, Freer's counsel responded indicating that he would oppose any attempt to depose Freer because he believed fact discovery closed for Freer on September 1, 2012. After conferring with Freer's attorney on February 6, 2013, in a good faith attempt to resolve the discovery dispute, Chicago Title filed its motion for leave to depose Freer. Chicago Title could have and perhaps should have attempted to schedule Freer's deposition between

3

December 7, 2012, and January 15, 2013. However, overall Chicago Title acted in good faith after learning of the dispute on January 15, 2013. Chicago Title has established excusable neglect. Therefore, Chicago Title's Civil Local Rule 7(h) (E.D. Wis.) expedited non-dispositive motion for leave to depose Freer is granted. Freer must submit to deposition no later than Friday February 22, 2013. Furthermore, the dispositive motion deadline for all parties is changed to March 4, 2013.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Chicago Title's expedited non-dispositive motion for leave to depose Freer (ECF No. 110) is **GRANTED**.

Freer **MUST** submit to deposition **no later than Friday February 22, 2013**, and **the dispositive motion deadline for all parties is changed to March 4, 2013.**

All remaining provisions of the Court's March 30, 2012, scheduling order **REMAIN IN EFFECT**.

Dated at Milwaukee, Wisconsin this 14th day of February, 2013.

BY THE COURT

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**