UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TIMUR MOHAMED,**

       **Plaintiff,**

-vs-

**CHICAGO TITLE
INSURANCE COMPANY,**

       **Defendant.**

--------------------------------------------------      **Case No. 10-C-753**

**REINHART BOERNER VAN DUREN S.C.,**

       **Third-Party Plaintiff,**

-vs-

**CARL JOHAN FREER,**

       **Third-Party Defendant.**

## DECISION AND ORDER

Counsel for Third-Party Defendant Carl Johan Freer ("Freer") filed a Civil Local Rule 7(h) motion to withdraw as counsel for Freer. (ECF No. 167.) The retainer agreement between Freer and the law firm allows counsel to withdraw for non-payment of fees. (Hanus Decl. Withdraw, ¶ 3.) (ECF No. 168.) Counsel avers that Freer, who was out of the country on May 20, 2013, when the motion was filed, is "seriously delinquent" in the payment of fees for counsel's services, and they have not been able to reach acceptable terms for payment. (*Id*. at ¶ 4.) The motion was emailed

to Freer at his last known email address. The time for any response to the motion has passed, and none has been filed.

The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the district court. *See Stafford v. Mesnik,* 63 F.3d 1445, 1448 (7th Cir. 1995). A motion to withdraw may be granted if the client consents or the lawyer establishes compelling reasons to grant the motion "over objection." *Id.*

Although no legal authority for the motion is provided, the ground presented by counsel falls within the scope of Wisconsin SCR 20:1.16(b)(5) which provides in pertinent part: "A lawyer may withdraw from representing a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." However, "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Wis. SCR 20:1.16(c). The Rule further provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer

> may retain papers relating to the client to the extent permitted by other law.

Wis. SCR 20:1.16(d).

Fully briefed summary judgment motions are pending. However, there is no indication that Freer received notice of the motion to withdraw, or that counsel has discussed the risks of counsel's withdrawal with Freer. The combination of Freer's absence from the country with no stated date of return and the imminent trial date are a cause for particular concern. If counsel is allowed to withdraw and Freer does not retain new counsel or proceed pro se, he may be subject to adverse consequences which, depending on the outcome of the pending motions, could include forfeiting the right to any defense at trial and judgment against him on the Third-Party Complaint. Thus, the Court will require additional information from counsel addressing such concerns.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

By June 30, 2013, counsel for Freer should provide additional information with respect to the motion to withdraw (ECF No. 167) as outlined above; and

The Clerk of Court is **DIRECTED** to send a courtesy copy of this Decision and Order to Freer at his last known email address: cjf@aluminaid.com.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2013.

                                               **BY THE COURT:**

                                     _____
                                     **HON. RUDOLPH T. RANDA**
                                     **U.S. District Judge**