**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**REINHART BOERNER VAN DUREN S.C.,**

    Third-Party Plaintiff,

**and**                                                                                   **Case No. 10-C-753**

**CHICAGO TITLE INSURANCE COMPANY,**

    Cross-Claimant.

v.

**CARL JOHANN FREER,**

    Third-Party Defendant/Cross-Claim Defendant.

---

## DECISION AND ORDER

---

At a July 29, 2013, bench trial, the parties presented testimony and evidence regarding the indemnification and subrogation claims against Third-Party Defendant and Cross-Claim Defendant Carl Johann Freer ("Freer") made by Third-Party Plaintiff Reinhart Boerner Van Deuren S.C. ("Reinhart") and Cross-Claimant Chicago Title Insurance Company ("Chicago Title") and Reinhart's proposed additional Third-Party claim against Freer. The parties filed post-trial briefs addressing Reinhart's motion to amend its Third-Party Complaint (ECF No. 186) and their positions on the disposition of the remaining claims in this action. This Decision and Order addresses Reinhart's motion to amend. To place Reinhart's motion to amend in context, some factual

background is essential.

## Factual Background

Timur Mohamed ("Mohamed,"), a citizen and resident of Barbados, was a client of Reinhart beginning in 2004, when Mohamed acquired Palmer Johnson, a Wisconsin yacht manufacturer that was in bankruptcy. In 2005, Freer obtained a yacht from Mohamed in exchange for some shares of stock, later found to lack any value, and a personal guarantee for $10.5 million. That debt remained outstanding as of December 2006.

In December 2006, Mohamed's agent contacted Anthony Handzlik ("Handzlik"), Mohamed's Reinhart attorney and asked him to obtain a search for liens on Freer's home at 1744 Stone Canyon Road, Bel Air California ("California residence"). At Reinhart's request, Chicago Title performed the lien search. Reinhart provided the results of the search to Mohamed's agent, and also advised Mohamed against lending any money to Freer. Despite Reinhart's advice, Mohamed agreed to lend $1 million to Freer's new business, Blowfish Works, Inc. ("Blowfish"). Freer was an officer of Blowfish.

Three documents were involved in the loan transaction. The first was a Short Term Loan Agreement (the "Agreement") signed by Freer in his capacity as an officer of Blowfish. Under the terms of the Agreement, Mohamed agreed to loan Blowfish up to $1 million. Under Paragraph 4.1 of the Agreement, Blowfish agreed to repay "all monies advanced by [Mohamed] together with any interest due." The Agreement

refers to Blowfish as the "Borrower" and Freer as the "Guarantor." (ECF No. 186-3.)

The second document was a Promissory Note (the "Note") executed by Freer in his capacity as an officer of Blowfish, and in his personal capacity as guarantor. Under Section 1 of the Note, Blowfish agreed to "pay to the order of [Mohamed] the principal sum of up to One Million Dollars ($1,000,000.00[)]" plus interest as provided in the Note. Under Section 2, the unpaid principal and all accrued and unpaid interest was due and payable to Mohamed by December 30, 2007. Under Section 3, Freer agreed to provide security in the form of a "charge" on his California residence. Under Section 4 of the Note, the "unpaid principal and all accrued but unpaid interest" on the Promissory Note "shall, upon written notice by [Mohamed] to the Borrower and or Freer, shall mature and become immediately payable if (a) [Freer] shall fail to provide perfected interest in the security or insufficient security; [or] (b) a default or breach occurs under any agreement securing the Borrower's obligations under this Note." (ECF No. 186-4.) Freer personally guaranteed repayment of the loan.

The third document was a Short Form Deed of Trust (the "Deed") on Freer's California residence which Freer delivered to Mohamed. Blowfish received $1 million from Mohamed pursuant to the Agreement, Promissory Note, and Personal Guarantee.

Reinhart and Mohamed had an attorney-client relationship with respect to Mohamed's $1 million loan to Blowfish. Mohamed hired Reinhart to record the Deed intended to secure the loan. Reinhart was instructed to record the Deed, and it was

Handzlik's responsibility to ensure the Deed was properly recorded. Reinhart hired Chicago Title to assist it in recording the Deed, but the Deed was not recorded. Handzlik did not follow up to verify that the Deed had been recorded.

In June 2007, Freer entered into a contract for the sale of his California residence, and the sale closed on August 10, 2007. The sale price was $5,460,000. $882,657.46 of the proceeds from the sale should have been available to pay Mohamed but he received none of the sales proceeds. Blowfish and Freer have not paid any portion of the principal or interest due and owing on the loan. Reinhart faced exposure based upon the failure to record the Deed.

By letter dated September 7, 2007, Mohamed (through Handzlik) provided written notice to Freer that Blowfish was in default under the terms of the Note because Freer had "failed to provide the required perfected interest in the security." Handzlik's letter demanded immediate payment by Blowfish of unpaid principal and accrued interest on the Note, and further stated that to the extent Blowfish "does not fulfill its obligations under the . . . Note, . . . Mohamed hereby demands that you, as Guarantor of the . . . Note, immediately remit payment of the unpaid principal and accrued, unpaid interest on the . . . Note." (ECF No. 22-1.)

On September 1, 2010, Mohamed filed this case against Reinhart and Chicago Title seeking as damages the sum of $1 million plus unpaid and accrued interest under the Agreement, Note, and Personal Guarantee. No claims against Freer were asserted by Mohamed in this action, although Freer had personally guaranteed the loan and had

- 4 -

Case 2:10-cv-00753-RTR    Filed 09/24/13    Page 4 of 10    Document 193

received the loan proceeds.

Freer's involvement as a party in this action began almost 22 months later on July 20, 2012, when he was served with Reinhart's Third-Party Complaint alleging claims for indemnification and subrogation. (ECF No. 89.) Chicago Title filed cross-claims for contribution/indemnification and subrogation against Freer.

On March 4, 2013, Freer and Chicago Title filed motions for summary judgment and Reinhart filed a motion for partial summary judgment.

In March 2013, while those motions were being briefed, Reinhart and Mohamed entered into a Covenant Not to Sue and Assignment (the "Covenant"). Under the Covenant, Reinhart paid Mohamed $800,000 (the "Settlement Payment"), and Mohamed acknowledged that his receipt of the Settlement Payment "discharge[d] Freer's obligations with respect to the Loan to the extent of the amount of the Settlement Payment." Under the Covenant, Mohamed assigned to Reinhart

> any and all claims, causes of action, rights, and interests of whatsoever kind or nature that he has or may have against Chicago Title, Freer, and any other person or entity arising out of any loss, injury or damage sustained by him in connection with the allegations set forth in the Lawsuit or in connection with any and all documents referenced in or attached to the Complaint filed in the Lawsuit.

(ECF No. 142-16.)

On March 27, 2013, Reinhart filed a stipulation and proposed order for dismissal of Mohamed's claims against it. The Court entered an order dismissing Mohamed's claims against Reinhart with prejudice on March 28, 2013. (ECF No.

129.)

In June 2013, Reinhart and Chicago Title reached an agreement to settle their claims against each other but preserve their claims against Freer. The parties agreed that Chicago Title would pay Reinhart $475,000; all claims between Reinhart and Chicago Title (including Mohamed's claims against Chicago Title that Reinhart received by assignment) would be dismissed with prejudice; and Reinhart and Chicago Title reserved their respective rights and claims against Freer in this action.

On June 25, 2013, Reinhart filed its final pretrial report, stating at page three that

> [i]n addition [to pursuing its claims for indemnification and subrogation against Freer], in light of Freer's recent admission that he owes Mohamed $1,000,000.00, Reinhart, as the assignee of Mohamed's rights against Freer arising out of the allegations in this lawsuit and the Loan Documents, will seek recovery from Freer, under the undischarged portion of his guaranty obligation, of the remaining $200,000.00 in loan principal, plus interest.

At page four, Reinhart's pretrial report states that an issue for trial is "[w]hether Freer must pay Reinhart, as assignee of Mohamed's rights against Freer, the balance of the money owed to Mohamed under the Loan Documents ($200,000.00 in loan principal plus interest)." (ECF No. 173.)

On June 26, 2013, this Court issued its Decision and Order which denied the parties' motions for summary judgment and partial summary judgment with respect to Reinhart's Third-Party claims against Freer and Chicago Title's cross-claims against

- 6 -

Freer. (ECF No. 176.)

The July 24, 2013, joint trial brief filed by Chicago Title and Reinhart reiterates at pages 10 and 11 Reinhart's claim against Freer, as assignee of Mohamed pursuant to the terms of the settlement agreement, for the outstanding principal and interest owed under the terms of the loan, (ECF No. 183.)

At pages seven and eight of Freer's trial brief filed on July 26, 2013, he objects to "Reinhart's trial brief" as improperly asserting "an eleventh hour theory of recovery extrinsic to the case," specifically Reinhart's claim that it should recover from Freer the remaining principal and interest due under the loan based on Mohamed's assignment to Reinhart of his rights against Freer under the Agreement, Note, and Personal Guarantee. (ECF No. 185.) Freer states that such claim was never plead against him and he did not consent to the trial of the claim under Rule 15(b).

On July 29, 2013, the day of trial, Reinhart filed its motion to amend its Third-Party Complaint, with an attached Proposed Second Amended Third-Party Complaint. (ECF No. 186-1.)

**Analysis**

Reinhart seeks leave to amend its Third-Party Complaint to include a claim for the recovery of the outstanding balance due under the Agreement, Note, and Personal Guarantee arising out of Mohamed's Covenant. In Freer's post-trial memorandum, he maintains that having seen Freer's hand "on the day of trial" Reinhart attempted to add a new claim, allowing the amendment would be patently prejudicial, and would

- 7 -

deprive him of his due process rights to meaningfully respond and develop a defense to a "vastly different kind of financial exposure." (Freer's Post-Trial Mem. 2-3.) (ECF No. 191.) Freer also asserts that the stipulation of facts prior to trial did not contemplate such a claim, and that a *bona fide* dispute exists regarding whether Mohamed's Covenant permits Reinhart to seek payment for the unpaid loan principle and interest.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." However, it is well-established that "[d]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).[1]

Reinhart's ability to pursue the proposed claim was the result of its March 2013, settlement with Mohamed. In its June 25, 2013, filing, Reinhart expressly stated its intention to pursue the claim. Freer has admitted that he owes Mohamed $1 million and has stipulated to the facts material to his liability for the outstanding

---

[1] Although not addressed by the parties, the Court has considered whether Reinhart's motion to amend should initially be considered under the "good cause" requirement of Rule 16(b)(4) applicable to a motion to amend filed after the expiration of the trial court's scheduling order deadline to amend pleadings. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005). However, due to the unusual evolution of this action resulting in an early motion to amend, the Court's March 30, 2012, scheduling order (ECF No. 64), did not set a deadline for amendment of the pleadings. Therefore, the Court concludes that Reinhart's motion to amend may properly be addressed under Rule 15(a)(2).

balance due under the loan documents.

In arguing prejudice, Freer asserts that the parties' joint stipulation concerning facts and trial exhibits "did not contemplate" Reinhart's claim, and that he would have objected to "certain stipulated facts and stipulated exhibits" if he had known that Reinhart would seek to amend its third-party complaint. (Freer's Post-Trial Br. 4.) However, the stipulated facts were filed one month after Reinhart had informed Freer of its intent to pursue the claim. In addition, neither Freer's trial brief nor his post-trial brief identify any stipulated fact or exhibit to which he would not have agreed.

Although Freer argues that the settlement document between Mohamed and Reinhart is ambiguous and that Reinhart may not pursue both legal and equitable remedies, he does not contend the claim is futile. Furthermore, the issues Freer raises are questions of law for the Court, not issues requiring further factual development.

Having considered the positions of the parties and the relevant facts, this Court concludes that it is in the interest of justice to allow Reinhart to amend its Third-Party Complaint to recover the balance due under the Loan Documents because Freer has not established that he will be unduly prejudiced in defending against this claim. Therefore, Reinhart's motion to amend its Third-Party Complaint is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Reinhart's motion to amend the Third-Party Complaint (ECF No. 186) is **GRANTED**;

The Clerk of Court is **DIRECTED** to file Reinhart's amended Third-Party Complaint (ECF No. 186-1.);

Dated at Milwaukee, Wisconsin, this 24th day of September, 2013.

                                                    **BY THE COURT:**

                                                    _____
                                                    **HON. RUDOLPH T. RANDA**
                                                    **U.S. District Judge**